# McCullough v. The State.

### Selling Mortgaged Property.

(Decided March 23, 1917.   74 South. 755.)

**Mortgages; Selling Property Covered by; Jury Question.**—Where the evidence supported an inference that the property belonged to defendant when the mortgage thereon was given, and that the mortgage constituted a lien on such property, the question whether defendant unlawfully sold the property, and whether the mortgage constituted a lien thereon, was one for the jury.

APPEAL from Barbour Circuit Court.

Heard before Hon. J. S. WILLIAMS.

Jesse McCullough was convicted of selling mortgaged property, and he appeals.   Affirmed.

The evidence tended to show that defendant was indebted to one W. T. Middlebrooks, and in order to secure said indebtedness mortgaged to Middlebrooks two cows and a calf, together with other property, that when he left Middlebrooks' place he turned over all the property except one cow to one Hartsogg, who was agent for Middlebrooks, and that he told Middlebrooks the other cow had been sold to Mr. Stephens at Clio, Stephens testifying that be bought the cow from defendant's wife, and not defendant. Stephens further testified that defendant owed him an account, and that he went to defendant about it, and saw some cows in the pasture, and asked defendant about selling him one, and he told him that he could not sell him the cow as they belonged to his wife, but that, if his wife would sell him the cow, it would be all right.

E. W. NORTON, and McDOWELL & McDOWELL, for appellant. W. L. MARTIN, Attorney General, for the State.

BROWN, P. J.—The only question presented for review arises from a refusal of the affirmative charge requested by the defendant; the contention of appellant being that the undisputed evidence shows that the property alleged to have been unlawfully disposed of was never the property of the defendant, and hence the witness Middlebrooks had no lien thereon by virtue of his mortgage.

[Smith v. The State.]

The opinion prevails that the evidence offered by the state reasonably affords an inference that the property was that of the defendant when the mortgage was given, and that the paper held by Middlebrooks was a lien thereon. If this was true, the question whether or not he sold the property was likewise for the jury. Stephens testified that he consented that his wife might sell the cow, and if the cow belonged to defendant, and he had given a mortgage on it, and thereafter consented to a sale of the cow, he would be guilty as charged.

Affirmed.